UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROLAND BERNARD COLA | CIVIL ACTION |
| VERSUS | No. 18-5829 |
| DEUTSCHE BANK NATIONAL TRUST CO., ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is defendants Deutsche Bank National Trust Company ("Deutsche") and Daniel Reed's ("Reed") motions[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Deutsche requests a more definite statement pursuant to Rule 12(e). For the following reasons, both motions to dismiss are granted.

### I.

Under Rule 12(b)(6), a district court may dismiss a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547)).

A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the well-pleaded factual allegations "do not permit the

---

[1] R. Doc. Nos. 7, 9.

court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The Court will generally not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, however, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

After the defendants filed their motions to dismiss, plaintiff Ronald Bernard Cola ("Cola") submitted a response, which was styled as a "motion to strike defendant's dismissal."[2] He also filed a "motion to stay Sheriff possession" (the "motion to stay").[3] Because the motion to stay appeared to raise a new claim, the

---

[2] R. Doc. No. 11. Although Cola's response was styled as a "motion to strike" a *singular* defendant's motion, it mentions both defendants. *Id.* at 1. Additionally, Cola has not filed another response to date, and the deadline for filing an opposition to both motions has passed. The Court will thus construe Cola's opposition as a response to both motions. The Court also notes that, since the defendants submitted their responses to what the Court construed as a motion to amend (R. Doc. Nos. 14, 15), Cola has not made a request to amend his complaint further.
[3] R. Doc. No. 12.

2

Court construed it as a motion for leave to amend his complaint.[4] The Court then granted the motion so as to amend the complaint to include Cola's allegation that the defendants violated his right to procedural due process under the Constitution.[5]

## II.

Cola's amended complaint must be dismissed. First, it does not contain "sufficient factual matter" because it includes virtually no facts. *Iqbal*, 556 U.S. at 678. At most, Cola alludes to an attempted foreclosure and eviction:

> The Defendant and their co-conspirators have acted in an inequitable fashion which bars them from seeking the equitable relief of foreclosure. Defendant is barred by the doctrine of 'unclean hands' from the unlawful foreclosure and Jefferson Parish County Sheriff's Office [sic] attempt to evict Plaintiff from his property that the Defendant it seeks [sic].[6]

However, these allusions are inadequate. To avoid dismissal, "[Cola] must plead *specific facts*," which he has failed to do. *Milofsky v. Am. Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005) (quoting *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003)).

---

[4] R. Doc. No. 13 (citing *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015)).
[5] R. Doc. No. 19.
[6] R. Doc. No. 12, at 1. It does appear from the briefings that a foreclosure occurred, but the Court lacks any further details. *See, e.g.*, R. Doc. No. 18, at 4 (Deutsche's memorandum in support of its motion to dismiss, in which it argues that "there was not a requirement that the completed foreclosure action be prosecuted in federal court rather than state court"); R. Doc. No. 14, at 2 (Reed's response to Cola's amended complaint, in which he explains that "it does not allege any facts which would support . . . a claim against Reed, who merely acted as an attorney in filing and prosecuting a routine foreclosure suit in state court on a promissory note secured by a mortgage against immovable property").

Second, Cola has not articulated a sufficient legal basis. In his complaint, he requests that the Court take judicial notice of Rule 402 of the Federal Rules of Evidence[7] and his contention that the Court has jurisdiction over this matter pursuant to "the Clearfield Doctrine."[8] Cola also requests that the Court take "mandatory notice to the US Department of Justice Attorney General Manual 210 Choice of law."[9]

However, evidentiary rules are not relevant to Cola's case at this stage of the litigation, and neither is *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), a United States Supreme Court case pertaining to choice-of-law rules. *See Empire Healthchoice Assurance, Inc.*, 547 U.S. 677, 690–91 (2006). The United States Attorneys' Manual—which Cola cites to support his argument that federal law

---

[7] Rule 402 states that relevant evidence is admissible unless otherwise provided by the Constitution, a federal statute, other rules of evidence, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 402. The rule also states that irrelevant evidence is inadmissible. *Id.*

[8] R. Doc. No. 1, at 1–2. The *Clearfield* doctrine does not create jurisdiction. Rather, it pertains to choice-of-law rules and stands for the proposition that "a federal rule of decision is authoritative in state as well as in federal courts in a suit between private parties based on a government obligation and involving federal interests similar to those in the *Clearfield* case." *Exceptions to* Erie v. Tompkins*: The Survival of Federal Common Law*, 59 HARV. L. REV. 966, 970 n.22 (1946). Furthermore, the legal issues addressed in *Clearfield* are clearly distinguishable.

In addition to the complaint's references to the *Clearfield* doctrine and Rule 402, the caption reads, in part, "MANDATORY JUDICIAL NOTICE IN SUPPORT OF RULE 201 PRODUCTION OF EVIDENCE." Rule 201 of the Federal Rules of Evidence "governs judicial notice of an adjudicative fact." Fed. R. Evid. 201(a).

[9] R. Doc. No. 1, at 1. Cola references a manual for attorneys general, but the URL he provides is for the United States Attorneys' Manual.

controls in this case—is similarly irrelevant to this case.[10]

Finally, Cola alleges that the defendants violated his constitutional right to procedural due process.[11] "In order to state a valid procedural due process claim, a plaintiff must allege (1) the deprivation of a protected property or liberty interest, and (2) that the deprivation occurred without due process of law." *Nobles Constr., L.L.C. v. Parish of Wash.*, No. 11-2616, 2012 WL 1865711, at *4 (E.D. La. May 22, 2012) (Barbier, J.) (citing *Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991)). While the Court can reasonably deduce from Cola's complaint that he claims a "protected property . . . interest" in his home,[12] he does not explain how any possible deprivation of that interest—presumably in the form of a foreclosure or an eviction—was "without due process of law." Cola merely states that "the Defendant[s] and their co-conspirators have used the state court [ ]as a cloak of fraud to bypass federal jurisdiction and to avoid constitutional due process." But "conclusory allegations . . . masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)." *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002).

Cola cites a string of cases to argue that the Court must "look to the substance of the pleadings rather than the form" and that "pro se pleadings are to be considered

---

[10] The section of the United States Attorneys' Manual that Cola cites also pertains to choice of law. U.S. DEP'T OF JUSTICE, *210. Choice of Law*, U.S. ATTORNEYS' MANUAL, https://www.justice.gov/usam/civil-resource-manual-210-choice-law.
[11] *See* R. Doc. No. 13 (interpreting R. Doc. No. 12).
[12] *See, e.g.*, R. Doc. No. 12, at 1 ("Home is the American dream. It is the biggest purchase of our lives. . . . Is there such a thing as a lawful foreclosure? Yes, of course there is . . . but this is not one of them.").

5

without regard to technicality."[13] Cola is correct that *pro se* complaints "are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). However, "*pro se* plaintiffs must *still* plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted) (italics added).

Based on a liberal construction of Cola's complaint, the Court cannot conclude "that the defendant[s] [are] liable for the misconduct alleged" because the misconduct itself has not been sufficiently explained. *Iqbal*, 556 U.S. at 678. Cola has not met the Rule 12(b)(6) standard requiring that he "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Therefore, his complaint must be dismissed.[14]

### III.

Accordingly,

**IT IS ORDERED** that Deutsche Bank National Trust Company's motion to dismiss is **GRANTED** and that the case against it is **DISMISSED.**

---

[13] R. Doc. No. 11, at 1.
[14] "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, such dismissal is not erroneous if "[the plaintiff] had sufficient opportunity to plead his best case." *Shugart v. Six Unknown Fannin Cty. Sheriffs*, 694 F. App'x 299, 299 (5th Cir. 2017). Cola has been permitted to amend his complaint once, when the Court construed his motion to stay as a motion for leave to amend. He has also filed an opposition to the defendants' motions to dismiss. The Court concludes that he has had sufficient opportunity to meet the federal pleading standard.

**IT IS FURTHER ORDERED** that Daniel Reed's motion to dismiss is **GRANTED** and that the case against him is **DISMISSED.**

New Orleans, Louisiana, August 23, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**